## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 24 2016, 9:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David Paul Allen
Hammond, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Basil C. Halkides,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 24, 2016

Court of Appeals Cause No.
45A03-1511-IF-2077

Appeal from the Lake Superior Court

The Honorable Nicholas J. Schiralli, Judge
The Honorable Catheron Paras, Magistrate

Trial Court Cause No.
45D07-1504-IF-3754

**Barnes, Judge.**

# Case Summary

[1] Basil Halkides appeals the trial court's finding that he disregarded a traffic light, a Class C infraction. We reverse.

# Issue

[2] The dispositive issue is whether the State's evidence was sufficient to prove Halkides disregarded a traffic signal.

# Facts

[3] On April 17, 2015, Halkides drove eastbound into an intersection in Lake County. The traffic at that intersection was controlled by traffic lights, and Halkides observed that the light directing him was yellow. Halkides testified, "I never saw the light being red. I saw it only as yellow when I went into the intersection." Tr. p. 13. A vehicle travelling westbound through the same intersection turned left and struck the driver's side of Halkides's vehicle.

[4] Munster Police Officer Gabe Isenblatter responded to the accident and later cited Halkides for disregarding the traffic control device in violation of Indiana Code Section 9-21-3-7. Officer Isenblatter testified he wrote the citation based on something a witness at the scene of the accident said. That witness did not testify at Halkides's trial.

On September 22, 2015, Halkides was tried in a bench trial. The trial court found Halkides guilty of the infraction, fined him $10.00, and assessed court costs. Halkides appeals.

## Analysis[1]

Traffic infractions are civil in nature. *Rosenbaum v. State*, 930 N.E.2d 72, 74 (Ind. Ct. App. 2010), *trans. denied*. As such, the State must prove the commission of an infraction by a preponderance of the evidence. *Id.*

> When reviewing a challenge to the sufficiency of the evidence, we will neither reweigh the evidence nor judge the credibility of witnesses. Rather, we look to the evidence that best supports the judgment and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value supporting the trial court's judgment, it will not be overturned.

*Id.*

Halkides contends the evidence is not sufficient to prove he committed an infraction defined by Indiana Code Section 9-21-3-7. He further contends the trial court abused its discretion by admitting into evidence hearsay and opinion testimony. The State concedes that, "[t]he evidence did not establish that

---

[1] Halkides notes some confusion related to the date on which the trial court's judgment was entered in the Chronological Case Summary and contends he timely filed his Notice of Appeal. The State does not argue Halkides's Notice of Appeal was untimely. We have reviewed the Chronological Case Summary and the trial court's order and conclude it is not necessary to address this issue.

Halkides committed the infraction," and "acknowledges that this Court should reverse the judgment of the trial court." Appellee's Br. pp. 6-7.

[8] In sum, the portions of Indiana Code Section 9-21-3-7 relevant to this matter explain the meaning of the green, yellow, and red lights in a traffic signal and set out the actions that are prohibited by vehicular traffic when those lights are displayed. "Vehicular traffic facing a steady circular yellow or yellow arrow signal is warned that the related green movement is being terminated and that a red indication will be exhibited immediately thereafter." Ind. Code § 9-21-3-7(b)(2)(A). Except as otherwise provided, "vehicular traffic facing a steady circular red or red arrow signal shall stop at a clearly marked stop line." I.C. § 9-21-3-7(b)(3)(A). A person who violates Indiana Code Section 9-21-3-7 commits a Class C infraction. I.C. § 9-21-3-11.

[9] The uncontroverted evidence is that Halkides entered the intersection while the traffic signal light was yellow. Although Officer Isenblatter testified he wrote Halkides's citation based on a witness's statement, that witness did not testify. Entering an intersection when a traffic light is yellow is not prohibited by Indiana Code Section 9-21-3-7.

[10] Because the State concedes the sufficiency issue, and because we agree there is no evidence of probative value to support the trial court's judgment, we do not reach Halkides's evidentiary issue. Instead, we reverse the judgment of the trial court.

# Conclusion

The State's evidence was not sufficient to support the finding that Halkides committed a Class C infraction. We reverse.

Reversed.

Vaidik, C.J., and Mathias, J., concur.